**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| General Kinematics Corporation | ) | |
| | ) | Civil Action No.: 08 C 1264 |
| Plaintiff, | ) | |
| | ) | Judge:  Hon. David H. Coar |
| v. | ) | |
| | ) | Magistrate Judge Sidney I.  Schenkier |
| CARRIER VIBRATING EQUIPMENT, INC. | ) | |
| | ) | |
| (Named) Defendant | ) | |

**DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY
TO CONFIRM (OR DENY) EXISTENCE OF SUBJECT MATTER JURISDICTION**

Named Defendant Carrier Vibrating Equipment, Inc. ("Carrier"), without conceding jurisdiction and preserving all defenses under F.R.Civ.P 12 or otherwise, and all arguments in support of same, by counsel, moves the Court for an Order for expedited discovery for the limited purpose of confirming (or denying) the existence of subject matter jurisdiction in this action brought under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*.

As grounds for this motion, Carrier states:

Carrier is the owner of U.S. Patent No. 5,615,763 entitled <u>Vibratory Conveyor System for Adjusting the Periodic Resultant Forces Supplied to a Conveyor Trough</u> ("the '763 Patent"). Plaintiff General Kinematics Corporation ("General Kinematics") has filed this action seeking a declaration of rights that its VARIO-DRIVE shakeout conveyor system does not infringe any claim of the '763 Patent (Complaint Count I, ¶¶ 14-17) and/or that the '763 Patent is invalid (Count II, ¶¶ 18-21)(Docket Index "DI" 1).  No summons has been issued on the Complaint and, obviously, Carrier has not been served in compliance with Fed. R. Civ. P. 4.

However, at present Carrier cannot confirm, and therefore presently <u>denies</u>, that there is an actual and justiciable controversy regarding the '763 Patent and whether or not General Kinematics' Vario-Drive shakeout conveyor system infringes any claim of the '763 Patent.

The Complaint does not set forth facts from which the Court can conclude that General Kinematics has a reasonable apprehension of imminent suit by Carrier, necessary to establish an actual case or controversy to posit subject matter jurisdiction under 28 U.S.C. § 2201 *et seq*. *Shell Oil Co. v. Amoco Corp*., 970 F.2d 885, 887 (Fed. Cir. 1992). Indeed, demonstration of actual case or controversy has constitutional implications. All the Complaint states is that, almost a year ago, Carrier "notified" General Kinematics of the '763 Patent and further stated that General Kinematics VARIO-DRIVE shakeout conveyor system "appears to be within the protection of the '763 Patent …" (Complaint, ¶ 10)(DI 1). *See* the full text of Carrier's notice letter of May 23, 2007, attached hereto as Exhibit A[1]. Carrier's notice letter did <u>not</u> charge that the VARIO-DRIVE device infringed any claim of the '763 Patent, or threaten General Kinematics with suit under the '763 Patent, nor could Carrier have done so, for Carrier has never seen or examined a VARIO-DRIVE device. *See BP Chemicals Ltd. v. Union Carbide Corp*., 4 F.3d 975, 978 (Fed. Cir. 1993)(more is needed for declaratory judgment jurisdiction than mere knowledge of or notice of an adversely held patent).

General Kinematics responded to Carrier's notice letter on June 1, 2007. In that letter (copy attached hereto as Exhibit B[2]), General Kinematics' counsel stated:

> General Kinematics Corp. presently does not make, use, sell or offer to sell the VARIO-DRIVE shake-out in the U.S., nor does General Kinematics Corp. import the VARIO-DRIVE shake-out into this country. … Any further GIFA advertising for the VARIO-DRIVE

---

1 For reasons best known to General Kinematics, Carrier's notice letter of May 23, 2007 was not an Exhibit to the Complaint.
2 General Kinematics did not attach a copy of its counsel's June 1, 2007 letter to the Complaint.

shake-out will note that the VARIO-DRIVE shake-out is not for sale
in the U.S.

Because of the statements by General Kinematics that it was not making, selling, using or

offering for sale its VARIO-DRIVE shakeout conveyor system in the United States, Carrier took

no further action on its notice letter.  Indeed, because there was no potentially infringing product

in the United States, there was no action that Carrier could have taken.  35 U.S.C. § 271(a).

A fair reading of Carrier's May 23, 2007 reveals that Carrier merely notified General

Kinematics of Carrier's adversely held '763 Patent and made the non-litigious statement that

General Kinematics' VARIO-DRIVE shakeout conveyor system "appeared to be within the

protection" of the '763 Patent.  Such language did not and could not have created a reasonable

apprehension of imminent suit in the mind of General Kinematics.  *See BP* at *Id; see also Shell

Oil, supra*, 970 F.2d at 888 (letter stating that certain activities "fall within" the patent

insufficient to create federal jurisdiction under Declaratory Judgment Act, even where patentee

stated it intended to enforce its patent rights).  Moreover, at the time the Complaint was filed

Carrier had neither charged General Kinematics' VARIO-DRIVE product with infringement nor

threatened General Kinematics with suit under the '763 Patent.  Thus, on their face the

allegations in the Complaint do not establish a reasonable apprehension of suit on the part of

General Kinematics, so there is no actual case or controversy here to posit subject matter

jurisdiction under the Declaratory Judgment Act.  *Id.*

However, in paragraph 11 of the Complaint (DI 1), it is stated that "Kinematics has now

decided to make and sell its VARIO-DRIVE machine in the United States."  Apparently because

of that decision, General Kinematics requested a meeting between clients, without attorneys.  *See*

letter from General Kinematics' counsel to Carrier's counsel dated January 25, 2008 (attached

hereto as Exhibit C[3]), which Carrier accepted by letter dated February 1, 2008 (copy attached as Exhibit D[4]). But before the agreed meeting could take place, General Kinematics filed this action, contending that "Carrier has not withdrawn its allegation of infringement under the '763 Patent made in its May 2007 correspondence" (Complaint, ¶ 11)(DI 1). The self-serving history set forth in General Kinematics' Complaint is unlike the history in *Capo, Inc. v. Dioptics Medical Products, Inc.*, 387 F.3d 1352, 1353-54 (Fed. Cir. 2004), where the Federal Circuit held that a history of several face-to-face discussions between principals, repeated use of the word "infringement" and the mention of "multi-million dollar lawsuit" created a definite conviction that the patent holder would bring an action to justify declaratory judgment jurisdiction.

Here, the discussions between the parties have been minimal and Carrier has not charged the VARIO-DRIVE with infringement (because it has not seen a physical device) nor threatened an infringement suit. In fact, the lawsuit was filed while General Kinematics had invited discussions to address Carrier's '763 Patent and General Kinematics' VARIO-DRIVE shakeout conveyor system. It would seem that the timing of the filing of this lawsuit is driven by an improper purpose, namely General Kinematics' desire to gain an advantage during the discussions it invited or to have any litigation conducted in its "home court" instead of where any infringement might be occurring. *See EMC Corp.*, 89 F.3d at 815 (filing of declaratory judgment action to gain advantage in licensing negotiations improper purpose; declaratory judgment jurisdiction not present).

If General Kinematics' VARIO-DRIVE device in fact violates Carrier's '763 Patent, Carrier will want to file an infringement counterclaim against General Kinematics. However,

---

3  General Kinematics did not attach its counsel's letter of January 25, 2008 to the Complaint.
4  General Kinematics did not attach Carrier's counsel's letter of February 1, 2008 to the Complaint.

before Carrier submits to the jurisdiction of this Court (and indeed, before Carrier can in good faith Answer and/or Counterclaim), Carrier wishes, and needs, to confirm that in fact General Kinematics' VARIO-DRIVE does infringe the '763 Patent.  Accordingly, Carrier moves the Court to permit Carrier to inspect [a] a physical example of General Kinematics' VARIO-DRIVE shakeout conveyor system and/or [b] engineering drawings showing details of the construction and structure of the VARIO-DRIVE shakeout device, from which Carrier can confirm or deny infringement of the '763 Patent.

Carrier is willing to conduct the requested examination under the terms of a proper Protective Order such as are common to patent cases.  A suggested form of Protective Order is attached hereto as Exhibit E.  Note that Exhibit E allows access to the VARIO-DRIVE device or drawings to a single Carrier employee (Steven Childress, Carrier's Vice President of Engineering).  Such access is necessary to make the inspection of the VARIO-DRIVE device or drawings fruitful, as without a knowledgeable person the inspection would be meaningless.  Mr. Childress has been made aware of the terms of the Protective Order and has agreed to be bound by its terms.

A proposed Order granting limited discovery to confirm jurisdiction is submitted herewith via e-mail (Proposed_Order_Coar@ilnd.uscourts.gov) in accordance with the Court's Case Management Procedures.

Date:  March 14, 2008

Respectfully Submitted,


___s/James R. Higgins, Jr._____
James R. Higgins, Jr.  (KY Bar No. 31790)
(*Pro Hac Vice Application* tendered)
MIDDLETON & REUTLINGER, PSC
2500 Brown & Williamson Tower
401 South Fourth Avenue
Louisville, KY 40202-3410
Phone:  (502) 584-1135
Facsimile:  (502) 561-0442 (fax)
Email: jhiggins@middreut.com


Counsel for Defendant
Carrier Vibrating Equipment, Inc.

-and-

s/ J. Aron Carnahan_____
Hartwell P. Morse, III (Ill. 6199527)
J. Aron Carnahan (Ill 6242642)
WELSH & KATZ, LTD.
120 South Riverside – 22d Floor
Chicago IL 60606
Phone:  (312) 655-1500
Facsimile:  (312) 655-1501
E-mail: *hpmorse@welshkatz.com*
E-mail: *jacarnahan@welshkatz.com*


Local Counsel for Defendant
Carrier Vibrating Equipment, Inc.

# Exhibit
# A

May 23, 2007

MIDDLETON
REUTLINGER

2500
Brown & Williamson
Tower

Louisville, Kentucky
40202

502.584.1135

502.561.0442 fax

www.middreut.com
James R. Higgins, Jr.
jhiggins@middreut.com
Direct Dial (502) 625-2728

Kenneth S Handmaker
James N Williams*
Charles G. Middleton III
Charles D. Greenwell
Brooks Alexander
Timothy P. O'Mara
G Kennedy Hall, Jr.
James R. Higgins, Jr.**
Mark S. Fenzel
Thomas W. Frentz*
James E. Milliman
David J. Kellerman
Dennis D Murrell
Henry S. Alford
Julie A. Gregory
John F. Salazar**
Scot A. Duvall
Augustus S. Herbert
Robert H. Eichenberger*²
Dana L. Collins
Thomas W Ice, Jr*
B. Ballard Rogers
Alexander P. Brackett**
Michael F. Tigue
James E. Cole**
Robert J Theuerkauf**
Steve A. Witters**
Rebecca G. Jennings
Jonathan A. Dyar
Brian P. McGraw
Bradley E. Cunningham
Bryan W. Schaeffer**
Chad D. Bruggeman**
Kevia L. Chlarson
Eric L. Killmeier**

*Also Admitted Indiana
**Licensed to Practice Before
U.S. Patent & Trademark Office

Edwin G. Middleton
(1920-1980)
Charles D. Middleton, Jr.
(1916-1988)
Albert F. Reutlinger
(1917-1998)

Of Counsel
O. Grant Bruton
J. Paul Keith III
Charles G. Lamb**
Ian Y. Henderson
Charles J. Sherman**
Donald M. Vish
Gregory A. Compton
Christopher M. George
Robert H. Compton
Gregory E. Mayes
Lisa Brones Huber
Client Relations Director
William A. Hoback

Indiana Office
530 East Court Avenue
Jeffersonville, Indiana 47130
812 282 3132

East Louisville Office
4965 U.S. Highway 42
Suite 2800
Louisville, Kentucky 40222
502-584-1135

via Certified and Regular Mail
*Advance Copy By Fax (815) 455-2285*

Mr. Paul Musschoot, President
GENERAL KINEMATICS CORPORATION
5050 Rickert Road
Crystal Lakes IL 60014

Re:    U.S. Patent No. 5,615,763
       EPO Patent 0 886 614 B1

Dear Mr. Musschoot:

The undersigned and this law firm represent Carrier Vibrating Equipment, Inc. ("Carrier "), which is the owner of the above-referenced patents (in the USA, entitled *Vibratory Conveyor System for Adjusting the Periodic Resultant Forces Supplied to a Conveyor Trough* ("the '763 Patent"); in Europe, entitled *Resultant Force Adjusting Device for Vibratory Conveyor* ("the EP0 '614 Patent")).  A copy of the '763 Patent the EPO '614 Patent are enclosed for your review.

As your USA patent advisor can confirm to you, the owner of a USA patent has the *exclusive right* to make, use, sell, offer to sell an import into the United States products covered by the claims of a patent.  Your European patent advisor can confirm that the EPO '614 confers similar rights in affected countries throughout Europe.  The '763 Patent and the EPO '614 Patent form a valuable part of the intellectual property portfolio of our client, and were obtained at significant cost and effort.  Recently, our client became aware that your company is now marketing a "Vario-Drive" variable angle shakeout conveyor system.  A copy of a recent ad for your Vario-Drive shakeout conveyor system as it appeared in the June 2007 edition of **Modern Casting** magazine is enclosed.

From the information in the **Modern Casting** ad, your Vario-Drive shakeout conveyor system appears to be within the protection of the '763 Patent and/or the EPO '614 Patent.  You are hereby <u>notified</u> of the '763 Patent and the EPO '614 Patent.  As your patent advisor can also confirm to you, under USA patent law once a party is notified of a patent, the party is under a <u>legal duty</u> to determine that its activities are not violating the exclusive rights that obtain to the patent in issue <u>before</u> undertaking <u>or continuing</u> activities.  Similar duties arise in Europe.  We notice that the **Modern Casting** ad indicates that you plan to feature or otherwise market the Vario-Drive at the upcoming GIFA Show at Dusseldorf Germany.  Since you are now under the above legal duty, if you continue to market your Vario-Drive shakeout conveyor system at GIFA (or anywhere else) after this notice, and such activity is found by a court to infringe the '763 Patent, the activity in making the Vario-Drive shakeout conveyor system for display and marketing at the GIFA show could be considered as *willful* disregard of Carrier's rights under the '763 Patent and/or the EPO '614 Patent.

MIDDLETON
REUTLINGER

President, General Kinematics Corporation
May 23, 2007
Page 2

We request that you confirm that you will not display or other otherwise market your Vario-Drive shakeout conveyor system, including at the GIFA show, until you have provided evidence to Carrier that it does not infringe any claim of the '763 Patent and/or the EPO '614 Patent.

We request that you provide your response to this letter by the close of business June 1, 2007.

We look forward to receiving your response.   If you have questions, please feel free to call.

Very truly yours,

MIDDLETON & REUTLINGER

James R. Higgins, Jr.

JRH:jh/pc

Enc   U.S. Patent No. 5,615,673
      EPO Patent No. 0 886 614 B1
      VARIO-DRIVE Ad

cc:   Carrier Vibrating Equipment, Inc. (w/o enc)

# Exhibit B

# MARSHALL, GERSTEIN & BORUN LLP

——— A T T O R N E Y S · A T · L A W ———

Paul C. Craane
(312) 474-6623
pcraane@marshallip.com

June 1, 2007

**VIA FACSIMILE**
**CONFIRMATION VIA FIRST CLASS MAIL**

James R. Higgins, Jr.
Middleton & Reutlinger
2500 Brown & Williamson Tower
401 S. Fourth Street
Louisville, Kentucky 40202

Re:    General Kinematics Corp. Cease & Desist

Dear Mr. Higgins:

This is in response to your letter of May 23, 2007 to Paul Musschoot of General
Kinematics Corp.

We represent General Kinematics Corp. in regard to Intellectual Property matters
generally, and in regard to patent issues in particular.  We have reviewed your May 23 letter, and
reply as follows.

General Kinematics Corp. presently does not make, use, sell or offer to sell the VARIO-
DRIVE shake-out in the U.S, nor does General Kinematics Corp. import the VARIO-DRIVE
shake out into this country.  Consequently, we do not believe that there is a basis for your
allegation that General Kinematics Corp. has infringed or is infringing U.S. Patent No.
5,615,763.  In this regard, you should note that the advertisement attached to your May 23 letter
refers to a display at a tradeshow occurring in Germany.  Any further GIFA advertising for the
VARIO-DRIVE shake-out will note that the VARIO-DRIVE shake-out is not for sale in the U.S.

As relates to EP Patent No. 0 886 614 ("the '614 patent"), we have forwarded a copy of
your letter to Johannes Heselberger of the firm of Bardehle Pagenberg Dost Altenburg and
Geissler ("Bardehle").  Bardehle represents General Kinematics in Europe generally, and in
Germany in particular, in regard to patent issues.  Mr. Heselberger has analyzed the claims of the
'614 patent, and has concluded that the VARIO-DRIVE shake-out does not infringe. We will
forward his letter to you in this regard no later than June 4, 2007.

# MARSHALL, GERSTEIN & BORUN LLP

James R. Higgins, Jr.
June 1, 2007
Page 2

We believe that this addresses the allegations made in your May 23 letter. Any further correspondence should be addressed to us. To the extent that the remarks in your letter are unfounded, we caution you that your client should avoid dissemination of such allegations to third-parties.

Sincerely,

Paul C. Craane

PCC/jls

cc:    Paul R. Musschoot
        Thomas P. Musschoot

# Exhibit C

# MARSHALL, GERSTEIN & BORUN LLP

───── ATTORNEYS·AT·LAW ─────

Paul C. Craane
(312) 474-6623
pcraane@marshallip.com

January 25, 2008

**VIA FACSIMILE**
**CONFIRMATION VIA FIRST CLASS MAIL**

James R. Higgins, Jr.
Middleton & Reutlinger
2500 Brown & Williamson Tower
401 S. Fourth Street
Louisville, Kentucky 40202

Re:    General Kinematics Corp.

Dear Mr. Higgins:

This is in reference to your letter of May 23, 2007 to Paul Musschoot, and our responsive letter of June 1, 2007.

Our client would like to discuss U.S. Patent No. 5,615,763 with your client directly, without attorneys present. It is our client's belief that future relations between these two companies in regard to the '763 patent may be resolved by the parties without resort to the public courts.

To this end, our client would be willing to discuss the matter further if the parties were to agree that all communications, written and oral, between the parties or their representatives in regard to the '763 patent or its foreign counterparts would be kept confidential, and considered in furtherance to settlement, and subject to Federal Rule of Evidence 408. Such an agreement would include the inadmissibility of such evidence for purposes of showing secondary considerations relative to the validity of the '763 patent. The agreement would necessarily include this communication as well, which is particularly being offered subject to Rule 408.

If your client is willing to so agree, our client would like to discuss the matter further with your client at their convenience.

# MARSHALL, GERSTEIN & BORUN LLP

James R. Higgins, Jr.
January 25, 2008
Page 2

Please let us have your response by no later than February 1, 2008.

Sincerely,

Paul C. Craane

PCC/jls
Enclosure
cc:     Thomas P. Musschoot
        Patrick D. Ertel

# Exhibit D

February 1, 2008

## MIDDLETON
## REUTLINGER

2500
Brown & Williamson
Tower

Louisville, Kentucky
40202

502.584.1135

502.561.0442 fax

www.middreut.com

James R. Higgins, Jr.
Direct Dial: (502) 625-2728
jhiggins@middreut.com

Kenneth S. Handmaker
James N. Williams*
Charles G. Middleton III
Charles D. Greenwell
Brooks Alexander
Timothy P. O'Mara
G. Kennedy Hall, Jr.
James R. Higgins, Jr.**
Mark S. Fenzel
Thomas W. Frentz*
James E. Milliman
David J. Kellerman
Dennis D. Murrell
Henry S. Alford
Julie A. Gregory
John F. Salazar**
Scot A. Duvall
Augustus S. Herbert
Dana L. Collins
Clayton R. Hume
Thomas W. Ice, II.*
B. Ballard Rogers
Robert H. Eichenberger*
Michael F. Tigue
James E. Cole**
Amy E. Shoemaker
Robert J. Theuerkauf**
Steve A. Witters**
Rebecca G. Jennings
Jonathan A. Dyar
Brian P. McGraw
Bradley E. Cunningham
Alexander P. Brackett**
Bryan W. Schaeffer**
Chad D. Bruggeman**

*Also Admitted Indiana
**Licensed to Practice Before
U.S. Patent & Trademark Office

Edwin G. Middleton
(1920-1980)
Charles G. Middleton, Jr.
(1916-1988)
Albert F. Reutlinger
(1917-1998)

Of Counsel
O. Grant Bruton
J. Paul Keith III
Charles G. Lamb**
Ian Y. Henderson
Charles I. Sherman**
Donald H. Vish
Gregory A. Compton
Christopher M. George
Robert H. Compton
Gregory E. Mayes
Lisa Brones Huber
Client Relations Director

Indiana Office
530 East Court Avenue
Jeffersonville, Indiana 47130
812.282.3132

East Louisville Office
4965 U.S. Highway 42
Suite 2800
Louisville, Kentucky 40222
502-584-1135

<u>Via Fax (312) 474-0448</u>

Paul C. Craane, Esq.
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago IL 60606-6357

Re:    Your Client    General Kinematics Corporation ("General Kinematics")
       Our Client,    Carrier Vibrating Equipment, Inc. ("Carrier")

Dear Mr. Craane:

Thank you for your letter/fax of January 25, 2008. We have discussed your letter with our client and Carrier is willing to meet with representatives of General Kinematics without attorneys present.

Carrier is also generally agreeable to have that meeting to be governed by Rule 408 of the Federal Rules of Evidence, and to have Rule 408 embrace your January 25 letter and any other communications between us. However, I am not clear on the scope of your request in the second paragraph of your letter regarding the "inadmissibility of such evidence for the purposes of showing secondary considerations relative to the validity of the '763 Patent." Certainly, under Rule 408 the fact of the meeting and all discussions and communications thereat would be inadmissible in any later proceeding (should one occur). However, evidence that already exists or is independently retrievable outside the meeting should not be inadmissible or otherwise embraced by Rule 408. Please let me know if you disagree.

Please feel free to have General Kinematics contact Brian Trudel of Carrier at Carrier headquarters, phone (502) 969-3171, to arrange the meeting.

If you have questions, please contact me.

Very truly yours,

MIDDLETON REUTLINGER

James R. Higgins, Jr.

JRH:jh/pc

cc:    Alex P. Brackett, Esq.
       Carrier Vibrating Equipment, Inc.

# EXHIBIT
# E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| General Kinematics Corporation | ) | |
| | ) | Civil Action No.:  08-C-1264 |
| Plaintiff, | ) | |
| | ) | Judge:  Hon. David H. Coar |
| v. | ) | |
| | ) | Magistrate-Judge Shenkier |
| Carrier Vibrating Equipment, Inc. | ) | |
| | ) | |
| Defendant | ) | |

* * * * * * * * * *

### [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff, General Kinematics Corporation (sometimes, "General Kinematics") and named Defendant, Carrier Vibrating Equipment, Inc. (sometime, "Carrier"), each by counsel, jointly move pursuant to Fed. R. Civ. P. 26(c) for entry of the within Order.

The parties to this action have determined that certain documents, testimony, and/or information produced or given during discovery in these proceedings may constitute commercial, financial, trade secret and/or other proprietary information which should be kept confidential in order to protect the legitimate business interests of the parties, their customers and business associates, and other persons.

Now, therefore, in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding claims of confidential information, the parties have agreed to provide access to and to accept information, documents and things, subject to certain protective provisions hereinafter set forth.

IT IS HEREBY STIPULATED by the attorneys for the parties, subject to the approval of the Court, that:

1.      This Stipulated Protective Order shall apply to all information, documents and things produced by a party in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, answers to requests for admission pursuant to Rule 36, and all initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  Information and documents produced in this civil action by a non-party may be subject to this Order if requested by the producing non-party or by a party to this action if the party can claim that the information is confidential to it.   The party or non-party claiming protection of information under this Order shall be called the Designating Party.

2.      All parties and attorneys of record in the action, and all other persons and entities possessing or granted access to material under this order shall be bound by this Order.  The Court may impose sanctions or any person or entity possessing or granted access to material under this Order who discloses or uses the material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.

3.      The parties recognize that, as to documents and things which will be produced in the course of this litigation, several different categories exist, with varying degrees of sensitivity with respect to proprietary information of the parties.  For purposes of this Order, such categories can be generally stated as follows:

A.      Documents Subject to this Protective Order.      All documents, regardless of their confidential nature, shall be designated and marked SUBJECT TO PROTECTIVE ORDER.  Such documents may only be used solely for the

purpose of prosecuting or defending this action, including any appeals, and shall not be used for any business, commercial or other purpose whatsoever.

       B.    <u>Highly Confidential--Attorneys Eyes Only</u>.  It is recognized by the parties that certain areas of proprietary information may require special handling and should not be made available even to the parties.  Such information shall be designated as Highly Confidential information.  It is the intent of the parties that the Highly Confidential information designation shall be minimally used and an effort will be made to limit its use to information which is proprietary business information relating to recent, present or planned activities of the designating party and which has been and is being maintained in confidence by the designating party.  Documents containing Highly Confidential information will bear a stamp and/or legend "HIGHLY CONFIDENTIAL INFORMATION-Attorneys' Eyes Only" or a similar stamp and/or legend and will be treated during discovery as follows:

       Except with the prior written consent of each Designating Party, upon the identification of such documents as containing Highly Confidential information, the party receiving such documents shall make such documents available only to outside counsel of record in this action.  In addition, such documents may be made available to the following, to the extent it is reasonably necessary to disclose the material to them for purposes of this action; they are not a party to this action or an affiliate of any party to this action or a competitor or any party to this action; and they are not current or former officers, directors, consultants or

employees of any party to this action, or of any affiliate of any party to this action, or of a competitor of any party to this action:

    i)   paralegals, office clerks, secretaries and clerical or support personnel employed by outside counsel of record for a party to this action;

    ii)  Steven Childress (Vice President of Engineering for Carrier[1]), consulting experts and testifying experts and their employees who have been engaged by outside counsel for a party to this action for the purpose of assisting in this action;

    iii) deposition court reporters and videographers;

    iv)  the Court, including judicial employees and all other necessary personnel, such as court reporters; and

    v)   the author, addressee or any other person identified in the material as a recipient thereof, who would otherwise be entitled to receive and retain such information.

Those identified in items (ii) and (iii) shall be required to sign an agreement in a form substantially identical to Exhibit A hereto, agreeing to be bound by this Order.  If a person identified in item (v) is not a party or the member, officer, director or employee of a party, then such person must first sign an agreement in a form substantially identical to Exhibit A hereto, agreeing to be bound by this Order

---

[1]   Mr. Childress is included in category (ii) only for the purpose of inspecting the General Kinematics VARIO-DRIVE device and/or drawings, as requested in that certain motion filed by Carrier on March 14, 2008 (DI ___).  Once such inspection has been completed, Mr. Childress will no longer be permitted to have access to HIGHLY CONFIDENTIAL documents produced by General Kinematics, except by further Order of the Court.

C.    <u>Documents--Confidential</u>.  Documents which are designated and stamped "Confidential" will be treated as proprietary and shall be utilized by the party receiving such documents for no other purpose than in connection with this litigation.  Except with the prior written consent of each Designating Party, or pursuant to an Order of this Court, material designated as Confidential shall not be shown, described or otherwise revealed to any person or entity, except:

i) those persons identified as entitled to access to Highly Confidential documents; and

ii) parties to this action and their officers, directors, agents or employees with a need for such access in order to prosecute or defend this action.

4.    It shall be the responsibility of counsel of each party or the responsibility of each non-party to specifically designate those documents or portions of documents being produced which that party or non-party asserts contains Confidential or Highly Confidential information.  All parties shall have the right to object to the designation of Confidential or Highly Confidential information by appropriate motion before the Court. In any proceedings challenging the designation, the designating party shall have the burden of maintaining challenged designation.

5.    With respect to depositions, the parties agree that if deposition questions or exhibits involve Confidential or Highly Confidential information, the Designating Party may request the transcript of such deposition be sealed as Confidential or Highly Confidential.  Within 30 days after delivery of the transcript, the Designating party shall designate which portions of the transcript and/or exhibits are to be so treated, and the

balance of the transcript will be unsealed. If no designation is provided, the entire transcript will be unsealed.

6.    All transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court pursuant to the pretrial discovery of any party to this action or as evidence at trial which have previously been designated by a party as comprised or containing Confidential or Highly Confidential information, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, the words "CONFIDENTIAL" and "RESTRICTED ACCESS ACCORDING TO COURT ORDER, " and a statement in substantially the following form:

This envelope, containing documents which are filed in this case by [identify party], is not to be opened nor are the contents thereof to be displayed or revealed except by Order of the Court or consent of the parties.

No party hereto waives any right it may have to object on any ground to the admission in evidence at the trial of this action of any Confidential information or Highly Confidential information.

7.    The restrictions and obligations of Highly Confidential information shall not apply to any information which is not so marked and shall not apply to any information which the parties concerned agree, or the Court rules, is public knowledge, or becomes public knowledge other than as a result of disclosure by the party receiving the same, or which has come or shall come into possession of the party receiving the same other than as a result of disclosure as Highly Confidential information in this litigation.

The special restrictions and obligations shall not be deemed to prohibit the party receiving the same or its outside counsel from discussing with any person any Highly Confidential information if said person already has possession of the information to be discussed other than as a result of disclosure as Highly Confidential information in this litigation.

If a party desires to provide access to information, documents or things identified as Confidential information or Highly Confidential information hereunder to any person or category of person not included or otherwise permitted hereby, it shall so notify the other party thirty (30) days in advance of such access in writing and if the other party objects, the party desiring to make disclosure shall move this Court for an Order that such person or category of persons may be given access to the confidential information. If the motion is granted, such person or category of persons may have access to the confidential information provided that such person or category of persons have agreed in writing before such access is given to be bound by the terms of this Stipulated Protective Order, and such other terms as the Court may impose.

9.      Besides the right to have this Stipulated Protective Order enforced by the Court's contempt power, each party may recover damages for any actual loss caused by a breach of this Stipulated Protective Order. Each party may also recover any unjust enrichment caused by a breach of this Stipulated Protective Order, not otherwise taken into account in computing damages. If neither damages nor unjust enrichment are provable, the Court may order payment of a reasonable royalty for a period of time in which the use of the information could have been prohibited.

10.     No later than sixty (60) days after the final termination of this action, including all appeals, the attorneys for each party shall assemble and return to the opposing party all confidential documents and confidential things produced by the opposing party and shall destroy all copies thereof made by that party which respective parties have in their possession, custody, or control.  The attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and memoranda, containing confidential information but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the opposing party or an Order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed during the course of this action.

11.     Notwithstanding any provision of the contrary herein, a party producing documents and things may designate a group of documents by category as being Confidential or Highly Confidential.  After allowing the other party to inspect such documents for which such categorical designation has been made, individual documents of the group that are requested for copying by the inspection party shall then be individually marked by the producing party with the appropriate designation.

12.     If confidential documents or information are inadvertently disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure, and shall make every effort to prevent disclosure by each unauthorized person who received such information.

13.      If confidential documents, things or information are inadvertently produced, the party inadvertently disclosing such documents, things or information may within a reasonable time (not to exceed 20 days after such inadvertent disclosure) request the receiving party to return such inadvertently disclosed documents, things or information.  The party receiving a request to return inadvertently disclosed documents, things or information, shall make all reasonable efforts to retrieve all documents, things or information claimed to be inadvertently disclosed and to prevent further disclosure after receipt of such request, and upon such request the receiving party shall return such all inadvertently disclosed documents, things or information within 10 days after receiving the request.  The party returning such documents, things or information shall not maintain any copies of such inadvertently disclosed material, and may make no use of such inadvertently disclosed material for any purpose during trial of this case, or otherwise.  The party to whom such documents, things or information are inadvertently produced may challenge the requested return by proper motion to the Court.  If such challenge is made, no use of the material requested to be returned may be made until the Court rules.

14.      <u>Subpoenas of Confidential Material</u>.  If a party in possession of Confidential or Highly Confidential information receives a subpoena or other request seeking production or other disclosure of such information, such party shall immediately give written notice to counsel for each Designating Party, stating the material sought and the time production or other disclosure is required.  In no event shall production or disclosure be made without either (a) written approval by counsel for each Designating Party or (b) further order by any court of competent jurisdiction entered after each

Designating Party has had reasonable written notice and opportunity to file objections thereto.

15.     <u>Attorney-Client Privilege and Work Product</u>.  Nothing contained in this Order, nor the inadvertent production of information or documents, shall prejudice or waive in any respect the right of any party to assert the attorney-client privilege, the attorney work product doctrine, any other applicable privileges, or the, or the Confidential or Highly Confidential status as to any documents or other information.

16.     No party shall be deemed by another party to have violated any agreements or any federal, state, or local laws governing the disclosure of confidential, person, or proprietary information by producing confidential information in this action, and compliance with this Order and governing discovery rules shall provide a complete defense to any claim against the producing party by another party or person based on the production of confidential information.


_____
JUDGE, UNITED STATES DISTRICT COURT

DATED:  _____

THE UNDERSIGNED HEREBY STIPULATE TO ENTRY OF ABOVE ORDER TO BE ENTERED BY THE COURT:

Dated: _____

_____          _____
Thomas I. Ross                                              James E. Milliman (*Pro Hac Vice*)
Paul B. Stephens                                          James R. Higgins, Jr. (*Pro Hac Vice*)
Margaret Begalle                                          MIDDLETON REUTLINGER
Vishal A. Sahni                                              2500 Brown & Williamson Tower
MARSHALL, GERSTEIN & BORUN, LLP.          Louisville, Kentucky 40202
6300 Sears Tower                                          Tel: (502) 584-1135
233 South Wacker Drive                              Fax: (502) 561-0442
Chicago IL 60606-6357                                Email: jhiggins@middreut.com
Tel: (312) 474-6300                                                     jmilliman@middreut.com

Counsel for Plaintiff                                      -and-
General Kinematics Corporation
                                                                          Hartwell P. Morse (Ill. 6199527)
                                                                          J. Aron Carhahan (Ill. 6242642)
                                                                          WELSH & KATZ, LTD.
                                                                          120 South Riverside – 22nd Floor
                                                                          Chicago IL 60606
                                                                          Tel: (312) 655-1500

                                                                          Counsel for Defendant
                                                                          Carrier Vibrating Equipment, Inc.