UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL KINEMATICS CORPORATION, an Illinois corporation, | ) ) ) |
| Plaintiff, | ) Case No. 08cv1264 ) |
| v. | ) Judge David H. Coar ) |
| CARRIER VIBRATING EQUIPMENT, INC., a Kentucky corporation, | ) Magistrate Judge Sidney I. Schenkier ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY**

On March 3, 2008, Plaintiff General Kinematics Corporation ("Kinematics") filed this action seeking a declaratory judgment that its VARIO-DRIVE shakeout conveyor system does not infringe any claim of Defendant Carrier Vibrating Equipment, Inc.'s ("Carrier") U.S. Patent 5,615,763.  Without waiting for service of process of the Summons and Complaint and prior to filing its Answer, Carrier has moved the Court for expedited action ostensibly so that it can confirm or deny whether there is an actual and justiciable controversy regarding the '763 patent and whether or not the Kinematics' VARIO-DRIVE shakeout conveyor system infringes any claim of the '763 patent [D.N. 11 at page 2].

The Proposed Order accompanying Carrier's motion asked the Court to order the following:

1. special, expedited discovery either in the form of a physical examination of Kinematics' VARIO-DRIVE shakeout conveyor system or a complete set

    of engineering drawings for the purpose of Carrier examining the device or drawings to determine whether to assert an infringement counterclaim;

2.  entry of a Protective Order in the form tendered as Exhibit E to Carrier's motion;[1]

3.  permission for Carrier's Vice-President of Engineering to participate in the examination of the physical VARIO-DRIVE or the engineering drawings, pursuant to the strictures of the Protective Order; and

4.  Carrier not be required to Answer or otherwise plead in response to the Complaint "until 20 days after it completes its examination and determination" [Proposed Order at ¶4].

Kinematics is not aware of any reason why this case should be handled in a manner outside the routine procedures for litigation. Carrier's motion brief contends that Kinematics' declaratory judgment action lacks subject matter jurisdiction [D.N. 11 at pages 2-4], yet Carrier does not file and does not declare itself inclined to file a motion to dismiss on that basis. Instead, Carrier's discussion of alleged shortcomings in the support for Kinematics' declaratory judgment action does not fully detail the facts known

---

[1] Carrier's proposed Protective Order makes reference to an "Exhibit A" (see, e.g., page 4) with which persons can certify that they will abide by the Protective Order; however, no such Exhibit A was attached.

to the parties which lead to Kinematics' filing of the Complaint and fails to acknowledge the broadened standard under current case law for declaratory judgment jurisdiction.[2]

## KINEMATICS' PROPOSAL

Kinematics prefers that Carrier first answer the Complaint and then the parties undertake the usual stepwise activities which lead to an orderly embarking upon discovery and a regular motion practice. Carrier cannot deny that it has a sufficient understanding of the VARIO-DRIVE shakeout conveyor to have asserted the '763 patent in its letter to Kinematics in May 2007 nor that its personnel have inspected the device in Europe since then. Nevertheless, if the Court is inclined to grant Carrier's motion for expedited activity, then Kinematics asks that the Order be modified as follows:

1. Kinematics be permitted to supply only a complete set of assembly drawings of its VARIO-DRIVE shakeout conveyor system and a schematic of the control system, rather than a "complete set of engineering drawings," since such drawings will be sufficient for the purpose of Carrier determining whether it wishes to assert a claim for infringement;

2. the parties have an opportunity to confer over the proposed Stipulated Protective Order before entry because, for example, *inter alia*, Kinematics

---

[2] Following the Supreme Court decision in *MedImmune Inc. v. Genentech Inc.*, 127 S. Ct. 764, 774n11 (2007), the Court of Appeals for the Federal Circuit declared that the "reasonable apprehension of suit" aspect of the Court's previously articulated two-part test had been repudiated and that at least "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." See *Sandisk Corp. v. ST Microelectronics, Inc.*, 480 F.3d 1372, 1380-1381 (Fed. Cir. 2007).

would wish the Protective Order to be amended so that paragraph 3A pertains to "[A]ll non-public documents," paragraph 5 requires designations in 11 days not 30 days, and paragraph 10 allows for the parties to destroy and certify the destruction of produced confidential documents and also to allow the parties to agree upon an Exhibit A;

3. Carrier's Vice-President of Engineering be ordered to sign a specially worded, written acknowledgement of the Protective Order which makes clear that he is only permitted to review the drawings and schematic for a limited time, he cannot make copies, he must return the documents, and he is then struck from the Protective Order; and

4. Carrier shall be required to Answer or otherwise plead to the Complaint 30 days after receipt of the drawings and schematic.

GENERAL KINEMATICS CORPORATION

Dated: March 18, 2008

s/Thomas I. Ross
Thomas I. Ross
Paul B. Stephens
Margaret Begalle
Vishal R. Sahni
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300

*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 18th day of March, 2008, I caused PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY to be filed electronically with Clerk of the Court, United States District Court for the Northern District of Illinois, using the CM/ECF system which sent notification of such filing to all counsel of record.

<u>s/Thomas I. Ross</u>
Thomas I. Ross