IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| General Kinematics Corporation | ) | |
| | ) | Civil Action No.: 08-C-1264 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. David H. Coar |
| v. | ) | |
| | ) | Magistrate-Judge Shenkier |
| Carrier Vibrating Equipment, Inc. | ) | |
| | ) | |
| Defendant | ) | |

\* \* \* \* \* \* \* \* \* \*

### STIPULATED PROTECTIVE ORDER

Plaintiff, General Kinematics Corporation (sometimes, "General Kinematics") and named Defendant, Carrier Vibrating Equipment, Inc. (sometime, "Carrier"), each by counsel, jointly move pursuant to Fed. R. Civ. P. 26(c) for entry of the within Order.

The parties to this action have determined that certain documents, testimony, and/or information produced or given during discovery in these proceedings may constitute commercial, financial, trade secret and/or other proprietary information which should be kept confidential in order to protect the legitimate business interests of the parties, their customers and business associates, and other persons.

Now, therefore, in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding claims of confidential information, the parties have agreed to provide access to and to accept information, documents and things, subject to certain protective provisions hereinafter set forth.

IT IS HEREBY STIPULATED by the attorneys for the parties, subject to the approval of the Court, that:

1. This Stipulated Protective Order shall apply to all information, documents and things produced by a party in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, answers to requests for admission pursuant to Rule 36, and all initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Information and documents produced in this civil action by a non-party may be subject to this Order if requested by the producing non-party or by a party to this action if the party can claim that the information is confidential to it. The party or non-party claiming protection of information under this Order shall be called the Designating Party.

2. All parties and attorneys of record in the action, and all other persons and entities possessing or granted access to material under this order shall be bound by this Order. The Court may impose sanctions or any person or entity possessing or granted access to material under this Order who discloses or uses the material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.

3. The parties recognize that, as to documents and things which will be produced in the course of this litigation, several different categories exist, with varying degrees of sensitivity with respect to proprietary information of the parties. For purposes of this Order, such categories can be generally stated as follows:

    A. <u>Documents Subject to this Protective Order</u>. All documents, regardless of their confidential nature, shall be designated and marked SUBJECT TO PROTECTIVE ORDER. Such documents may only be used solely for the

purpose of prosecuting or defending this action, including any appeals, and shall not be used for any business, commercial or other purpose whatsoever.

  B. <u>Highly Confidential--Attorneys Eyes Only</u>. It is recognized by the parties that certain areas of proprietary information may require special handling and should not be made available even to the parties. Such information shall be designated as Highly Confidential information. It is the intent of the parties that the Highly Confidential information designation shall be minimally used and an effort will be made to limit its use to information which is proprietary business information relating to recent, present or planned activities of the designating party and which has been and is being maintained in confidence by the designating party. Documents containing Highly Confidential information will bear a stamp and/or legend "HIGHLY CONFIDENTIAL INFORMATION-Attorneys' Eyes Only" or a similar stamp and/or legend and will be treated during discovery as follows:

  Except with the prior written consent of each Designating Party, upon the identification of such documents as containing Highly Confidential information, the party receiving such documents shall make such documents available only to outside counsel of record in this action. In addition, such documents may be made available to the following, to the extent it is reasonably necessary to disclose the material to them for purposes of this action; they are not a party to this action or an affiliate of any party to this action or a competitor or any party to this action; and they are not current or former officers, directors, consultants or

employees of any party to this action, or of any affiliate of any party to this action, or of a competitor of any party to this action:

    i) paralegals, office clerks, secretaries and clerical or support personnel employed by outside counsel of record for a party to this action;

    ii) Steven Childress (Vice President of Engineering for Carrier[1]), consulting experts and testifying experts and their employees who have been engaged by outside counsel for a party to this action for the purpose of assisting in this action;

    iii) deposition court reporters and videographers;

    iv) the Court, including judicial employees and all other necessary personnel, such as court reporters; and

    v) the author, addressee or any other person identified in the material as a recipient thereof, who would otherwise be entitled to receive and retain such information.

Those identified in items (ii) and (iii) shall be required to sign an agreement in a form substantially identical to Exhibit A hereto, agreeing to be bound by this Order. If a person identified in item (v) is not a party or the member, officer, director or employee of a party, then such person must first sign an agreement in a form substantially identical to Exhibit A hereto, agreeing to be bound by this Order

---

[1] Mr. Childress is included in category (ii) only for the purpose of inspecting the General Kinematics VARIO-DRIVE device and/or drawings, as requested in that certain motion filed by Carrier on March 14, 2008 (DI ___). Once such inspection has been completed, Mr. Childress will no longer be permitted to have access to HIGHLY CONFIDENTIAL documents produced by General Kinematics, except by further Order of the Court.

C. <u>Documents--Confidential</u>. Documents which are designated and stamped "Confidential" will be treated as proprietary and shall be utilized by the party receiving such documents for no other purpose than in connection with this litigation. Except with the prior written consent of each Designating Party, or pursuant to an Order of this Court, material designated as Confidential shall not be shown, described or otherwise revealed to any person or entity, except:

i) those persons identified as entitled to access to Highly Confidential documents; and

ii) parties to this action and their officers, directors, agents or employees with a need for such access in order to prosecute or defend this action.

4. It shall be the responsibility of counsel of each party or the responsibility of each non-party to specifically designate those documents or portions of documents being produced which that party or non-party asserts contains Confidential or Highly Confidential information. All parties shall have the right to object to the designation of Confidential or Highly Confidential information by appropriate motion before the Court. In any proceedings challenging the designation, the designating party shall have the burden of maintaining challenged designation.

5. With respect to depositions, the parties agree that if deposition questions or exhibits involve Confidential or Highly Confidential information, the Designating Party may request the transcript of such deposition be sealed as Confidential or Highly Confidential. Within 30 days after delivery of the transcript, the Designating party shall designate which portions of the transcript and/or exhibits are to be so treated, and the

balance of the transcript will be unsealed. If no designation is provided, the entire transcript will be unsealed.

6. All transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court pursuant to the pretrial discovery of any party to this action or as evidence at trial which have previously been designated by a party as comprised or containing Confidential or Highly Confidential information, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, the words "CONFIDENTIAL" and "RESTRICTED ACCESS ACCORDING TO COURT ORDER, " and a statement in substantially the following form:

This envelope, containing documents which are filed in this case by [identify party], is not to be opened nor are the contents thereof to be displayed or revealed except by Order of the Court or consent of the parties.

No party hereto waives any right it may have to object on any ground to the admission in evidence at the trial of this action of any Confidential information or Highly Confidential information.

7. The restrictions and obligations of Highly Confidential information shall not apply to any information which is not so marked and shall not apply to any information which the parties concerned agree, or the Court rules, is public knowledge, or becomes public knowledge other than as a result of disclosure by the party receiving the same, or which has come or shall come into possession of the party receiving the same other than as a result of disclosure as Highly Confidential information in this litigation.

The special restrictions and obligations shall not be deemed to prohibit the party receiving the same or its outside counsel from discussing with any person any Highly Confidential information if said person already has possession of the information to be discussed other than as a result of disclosure as Highly Confidential information in this litigation.

If a party desires to provide access to information, documents or things identified as Confidential information or Highly Confidential information hereunder to any person or category of person not included or otherwise permitted hereby, it shall so notify the other party thirty (30) days in advance of such access in writing and if the other party objects, the party desiring to make disclosure shall move this Court for an Order that such person or category of persons may be given access to the confidential information. If the motion is granted, such person or category of persons may have access to the confidential information provided that such person or category of persons have agreed in writing before such access is given to be bound by the terms of this Stipulated Protective Order, and such other terms as the Court may impose.

9.   Besides the right to have this Stipulated Protective Order enforced by the Court's contempt power, each party may recover damages for any actual loss caused by a breach of this Stipulated Protective Order. Each party may also recover any unjust enrichment caused by a breach of this Stipulated Protective Order, not otherwise taken into account in computing damages. If neither damages nor unjust enrichment are provable, the Court may order payment of a reasonable royalty for a period of time in which the use of the information could have been prohibited.

10. No later than sixty (60) days after the final termination of this action, including all appeals, the attorneys for each party shall assemble and return to the opposing party all confidential documents and confidential things produced by the opposing party and shall destroy all copies thereof made by that party which respective parties have in their possession, custody, or control. The attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and memoranda, containing confidential information but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the opposing party or an Order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed during the course of this action.

11. Notwithstanding any provision of the contrary herein, a party producing documents and things may designate a group of documents by category as being Confidential or Highly Confidential. After allowing the other party to inspect such documents for which such categorical designation has been made, individual documents of the group that are requested for copying by the inspection party shall then be individually marked by the producing party with the appropriate designation.

12. If confidential documents or information are inadvertently disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure, and shall make every effort to prevent disclosure by each unauthorized person who received such information.

13.  If confidential documents, things or information are inadvertently produced, the party inadvertently disclosing such documents, things or information may within a reasonable time (not to exceed 20 days after such inadvertent disclosure) request the receiving party to return such inadvertently disclosed documents, things or information. The party receiving a request to return inadvertently disclosed documents, things or information, shall make all reasonable efforts to retrieve all documents, things or information claimed to be inadvertently disclosed and to prevent further disclosure after receipt of such request, and upon such request the receiving party shall return such all inadvertently disclosed documents, things or information within 10 days after receiving the request. The party returning such documents, things or information shall not maintain any copies of such inadvertently disclosed material, and may make no use of such inadvertently disclosed material for any purpose during trial of this case, or otherwise. The party to whom such documents, things or information are inadvertently produced may challenge the requested return by proper motion to the Court. If such challenge is made, no use of the material requested to be returned may be made until the Court rules.

14.  <u>Subpoenas of Confidential Material</u>.  If a party in possession of Confidential or Highly Confidential information receives a subpoena or other request seeking production or other disclosure of such information, such party shall immediately give written notice to counsel for each Designating Party, stating the material sought and the time production or other disclosure is required. In no event shall production or disclosure be made without either (a) written approval by counsel for each Designating Party or (b) further order by any court of competent jurisdiction entered after each

Designating Party has had reasonable written notice and opportunity to file objections thereto.

15. <u>Attorney-Client Privilege and Work Product</u>. Nothing contained in this Order, nor the inadvertent production of information or documents, shall prejudice or waive in any respect the right of any party to assert the attorney-client privilege, the attorney work product doctrine, any other applicable privileges, or the, or the Confidential or Highly Confidential status as to any documents or other information.

16. No party shall be deemed by another party to have violated any agreements or any federal, state, or local laws governing the disclosure of confidential, person, or proprietary information by producing confidential information in this action, and compliance with this Order and governing discovery rules shall provide a complete defense to any claim against the producing party by another party or person based on the production of confidential information.

_____
JUDGE, UNITED STATES DISTRICT COURT
DATED: March 19, 2008

THE UNDERSIGNED HEREBY STIPULATE TO ENTRY OF ABOVE ORDER TO BE ENTERED BY THE COURT:

Dated: _____

| | |
|---|---|
| Thomas I. Ross<br>Paul B. Stephens<br>Margaret Begalle<br>Vishal A. Sahni<br>MARSHALL, GERSTEIN & BORUN, LLP.<br>6300 Sears Tower<br>233 South Wacker Drive<br>Chicago IL 60606-6357<br>Tel: (312) 474-6300<br><br>Counsel for Plaintiff<br>General Kinematics Corporation | James E. Milliman (*Pro Hac Vice*)<br>James R. Higgins, Jr. (*Pro Hac Vice*)<br>MIDDLETON REUTLINGER<br>2500 Brown & Williamson Tower<br>Louisville, Kentucky 40202<br>Tel: (502) 584-1135<br>Fax: (502) 561-0442<br>Email: jhiggins@middreut.com<br>          jmilliman@middreut.com<br><br>-and-<br><br>Hartwell P. Morse (Ill. 6199527)<br>J. Aron Carhahan (Ill. 6242642)<br>WELSH & KATZ, LTD.<br>120 South Riverside – 22nd Floor<br>Chicago IL 60606<br>Tel: (312) 655-1500<br><br>Counsel for Defendant<br>Carrier Vibrating Equipment, Inc. |