UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL KINEMATICS CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>CARRIER VIBRATING EQUIPMENT, INC.<br><br>                Defendant. | Civil Action No. 08-CV-1264<br><br>Judge:  Hon. David H. Coar<br><br>Magistrate Judge Schenkier |

**DEFENDANT CARRIER VIBRATING EQUIPMENT, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND**

Defendant, Carrier Vibrating Equipment, Inc. ("Carrier"), by counsel, for its Answer, Affirmative Defenses, and Counterclaims against General Kinematics Corporation ("Kinematics") states:

**ANSWER TO PLAINTIFF'S COMPLAINT**

**Complaint ¶1:**

Plaintiff General Kinematics Corporation ("Kinematics") is a corporation organized and existing under the laws of the State of Illinois and having its headquarters at 5050 Rickert Road, Crystal Lake, Illinois 60014.

**Answer to ¶1:**

Carrier is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in numerical paragraph 1 of the Complaint and, therefore, denies the same.

**Complaint ¶2:**

>Defendant Carrier Vibrating Equipment, Inc. ("Carrier") is a corporation organized and existing under the laws of the State of Kentucky and having its headquarters at 3400 Fern Valley Road, Louisville, Kentucky 40213.

**Answer to ¶2:**

Carrier admits the allegations contained in numerical paragraph 2 of the Complaint.

**Complaint ¶3:**

>Kinematics seeks a judicial declaration that United States Patent No. 5,615,763 (attached hereto) is invalid and not infringed by reason of the manufacture, use, sale, offer for sale, or import by Kinematics or its customers of its VARIO-DRIVE™ conveyor/shakeout machine.

**Answer to ¶3:**

Carrier admits the allegations contained in numerical paragraph 3 of the Complaint insofar as it purports to state the relief sought by Kinematics. Carrier denies the remainder of the allegations to the extent not consistent with the foregoing or that such relief is proper. Except as expressly admitted herein, Carrier denies the allegations of paragraph 3 of the Complaint.

**Complaint ¶4:**

>This action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq., and is based upon an actual and justiciable controversy between the parties with respect to the enforceability and infringement of the '763 patent. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**Answer to ¶4:**

Carrier admits the allegations contained in numerical paragraph 4 of the Complaint insofar as the Complaint purports to be an action under the patent laws of the United States, including 35 U.S.C. §§1 *et seq*, with jurisdiction being conferred on this Court pursuant to 28 U.S.C. § 1331, 1338(a), 2201 and 2202 and that the Complaint purports to be a declaratory judgment action;

however, Carrier denies that any such claims are stated. Except as expressly admitted herein, Carrier denies the allegations of paragraph 4 of the Complaint.

**Complaint ¶5:**

> This Court has personal jurisdiction over Carrier since *inter alia*, on information and belief, Carrier regularly conducts business in Illinois, and in this district, maintains a sales representative presence in Illinois, advertises its products in nationwide media which are available to Illinois residents, and regularly attends trade shows in Illinois, and in this district.

**Answer to ¶5:**

Carrier admits the allegations contained in numerical paragraph 5 of the Complaint.

**Complaint ¶6:**

> Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

**Answer to ¶6:**

Carrier admits the allegations contained in numerical paragraph 6 of the Complaint.

**Complaint ¶7:**

> Kinematics is in the business of selling conveyors or conveying equipment. For some time, its British operation has been making and selling a conveyor/shakeout machine designated VARIO-DRIVE™ in Europe. Kinematics now will make and sell its VARIO-DRIVE™ machine in the United States.

**Answer to ¶7:**

Carrier admits the allegations contained in numerical paragraph 7 of the Complaint insofar as it alleges that Kinematics is in the business of selling conveyors or conveying equipment and that Kinematic has been making and selling a conveyor/shakeout machine designated VARIO-DRIVE in Europe. Carrier lacks sufficient knowledge to form a belief as to the truth of the

remaining allegations set forth in numerical paragraph 7, and therefore, denies the same. Except as expressly admitted herein, Carrier denies the allegations of paragraph 7 of the Complaint.

**Complaint ¶8:**

The '763 patent issued on April 1, 1997, and is entitled "Vibratory Conveyor System For Adjusting The Periodic Resultant Forces Supplied To A Conveyor Trough."

**Answer to ¶8:**

Carrier admits the allegations contained in numerical paragraph 8 of the Complaint.

**Complaint ¶9:**

On information and belief, the '763 patent is owned by Carrier; and Carrier has not licensed the '763 patent.

**Answer to ¶9:**

Carrier admits the allegations contained in numerical paragraph 9 of the Complaint.

**Complaint ¶10:**

In correspondence dated May 23, 2007, Carrier, through its attorneys, notified Kinematics of the '763 patent and its European counterpart, EPO Patent Specification 866614. This correspondence stated that the Kinematics VARIO-DRIVE™ machine "appears to be within the protection of the '763 Patent and/or the EPO '614 Patent" and requested that Kinematics not market the VARIO-DRIVE™ machine until Kinematics proved to Carrier that the subject system did not infringe. Kinematics reported back that its machine did not infringe the EPO '614 patent and that the VARIODRIVE™ machine was not being made or sold in the United States.

**Answer to ¶10:**

Carrier admits the correspondence occurred between the parties referred to in numerical paragraph 10, but states the correspondence speaks for itself. Carrier denies the remainder of the allegations set forth in numerical paragraph 10 of the Complaint to the extent not consistent with the foregoing.

**Complaint ¶11:**

>Now Kinematics has decided to make and sell its VARIO-DRIVE™ machine in the United States. Kinematics recently reported this intent to Carrier and offered to explain to Carrier why the '763 patent does not protect against the VARIODRIVE™ system. Carrier has not responded, and has not withdrawn its allegation of infringement under the '763 patent made in its May 2007 correspondence.

**Answer to ¶11:**

Carrier admits the correspondence occurred between the parties referred to in numerical paragraph 11 but states the correspondence speaks for itself. Carrier denies that it made an "allegation of infringement under the '763 patent made in its May 2007 correspondence." Carrier denies the remainder of the allegations contained in numerical paragraph 11 of the Complaint to the extent not consistent with the foregoing.

**Complaint ¶12:**

>Kinematics has a reasonable apprehension of being sued by Carrier under the '763 patent when it releases its VARIO-DRIVE™ machine for sale in the United States.

**Answer to ¶12:**

Carrier denies the allegations contained in numerical paragraph 12 of the Complaint to the extent it refers to Kinematics' state of mind at the time it filed the Complaint. Carrier had no intention of suing Kinematics without verification that the VARIO-DRIVE infringed Carrier's '763 patent. Except as expressly admitted herein, Carrier denies the allegations of paragraph 12 of the Complaint.

**Complaint ¶13:**

>Through this action, Kinematics seeks a declaration from the Court of the parties' respective rights with regard to the '763 patent and the VARIO-DRIVE™ machine.

**Answer to ¶13:**

Numerical paragraph 13 of the Complaint does not set forth facts in support of its claim for relief and does not require an answer. To the extent an answer is required, Carrier denies the allegations of paragraph 13 of the Complaint.

**Complaint ¶14:**

> Kinematics incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

**Answer to ¶14:**

Carrier incorporates by reference all of its responses previously set forth in this Answer.

**Complaint ¶15:**

> An actual and justiciable controversy exists between Kinematics and Carrier over alleged infringement of the '763 patent.

**Answer to ¶15:**

Carrier denies the allegations contained in numerical paragraph 15 of the Complaint insofar as they state that an actual and justiciable controversy existed between Kinematics and Carrier with respect to the alleged infringement of the '763 patent at the time the action was filed. Carrier has subsequently learned that Kinematics does in fact infringe the '763 patent and there exists jurisdiction over Carrier's counterclaim as set forth herein.

**Complaint ¶16:**

> Kinematics denies infringement. The manufacture, use, sale, offer to sell, and/or importation of the VARIO-DRIVE™ product does not infringe any claim of the '763 patent. The manufacture, use, sale, offer to sell, and/or importation of the VARIODRIVE™ product also does not contribute to or induce the infringement of any claim of the '763 patent; nor has Kinematics ever contributed to or induced the infringement of any such claim. Kinematics has the right to make, use, sell, offer to sell, and import its VARIO-DRIVE™ product unhampered and unmolested by Carrier.

**Answer to ¶16:**

Carrier admits that Kinematics denies infringement of the '763 patent. Carrier denies the remaining allegations contained in numerical paragraph 16 of the Complaint.

**Complaint ¶17:**

> Pursuant to 28 U.S.C. § 2201 *et seq.* Kinematics requests a declaration that Kinematics and its VARIO-DRIVE™ product do not infringe any claim of the '763 patent.

**Answer to ¶17:**

Numerical paragraph 17 of the Complaint does not set forth facts in support of its claim for relief and does not require an answer. To the extent an answer is required, Carrier denies the allegations in paragraph 17 of the Complaint.

**Complaint ¶18:**

> Kinematics incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

**Answer to ¶18:**

Carrier incorporates by reference all of its responses previously set forth in this Answer.

**Complaint ¶19:**

> An actual and justiciable controversy exists between Kinematics and Carrier regarding validity and hence enforceability of the '763 patent.

**Answer to ¶19:**

Carrier denies the allegations contained in numerical paragraph 19 of the Complaint insofar as they state that an actual and justiciable controversy existed between Kinematics and Carrier with respect to the alleged invalidity and unenforceability of the '763 Patent at the time the action was filed. Carrier admits that an actual and justiciable controversy now exists between Kinematics and Carrier with respect to the alleged invalidity and unenforceability of the '763 Patent.

**Complaint ¶20:**

    Kinematics denies that the '763 patent was duly and legally issued. The claims of the '763 patent are invalid for failure to comply with one or more of the following provisions of the Patent Laws of the United States of America: 35 U.S.C. §§ 102, 103, 112, and 116.

**Answer to ¶20:**

Carrier lacks sufficient knowledge of Kinematics' thoughts as to whether the '763 patent was duly and legally issued in that Kinematics had never informed Carrier of such belief prior to the filing of this action, and therefore denies same. Carrier denies the remaining allegations contained in numerical paragraph 20 of the Complaint.

**Complaint ¶21:**

    Pursuant to 28 U.S.C. § 2201 *et seq.*, Kinematics requests a declaration that the claims of the '763 patent are invalid and hence unenforceable.

**Answer to ¶21:**

Numerical paragraph 21 of the Complaint does not set forth facts in support of its claim for relief and does not require an answer. To the extent an answer is required, Carrier denies the allegations of paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

  The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

    Carrier reserves the right to assert additional affirmative defenses as may be established by discovery in this action.

## **COUNTERCLAIM**

Carrier, by counsel, for its Counterclaim against Kinematics states as follows:

1.  Carrier is a corporation organized and existing under the laws of the Commonwealth of Kentucky.

2.  Carrier is the owner of U.S. Patent No. 5,038,763 ("the '763 Patent").

3.  Kinematics is a corporation organized and existing under the laws of the State of Illinois with its principal offices located at 5050 Ricker Road, Crystal Lake, Illinois, which is located within Northern District of Illinois.

4.  The claims of this Counterclaim arise under the patent laws of the United States, 35 U.S.C. §§1, *et seq*. Further, jurisdiction of this court is premised upon 28 U.S.C. §§ 1331 and 1338(a).

5.  Venue properly resides in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b).

## THE '763 PATENT

6.  Carrier is the owner of, and claims rights under, the '763 Patent, which was issued by the United States Patent and Trademark Office ("PTO") on April 1, 1997 in the name of inventor Douglas A. Scheiber. A copy of the '763 Patent is attached to Kinematics' Complaint and incorporated by reference herein.

7.  By assignment thereafter, Carrier became and now is the record owner of the '763 Patent.

8.  By virtue of its ownership of the '763 Patent, Carrier has the exclusive right to, and to authorize others to, make, use, sell or offer to sell, and import into the United States embodiments of the inventions claimed in the '763 Patent. Carrier has not authorized

9

Kinematics to make, use, sell or offer to sell, or import any device into the United States under the '763 Patent.

9. At all times, Carrier has complied with the requirements of 35 U.S.C. § 287.

## COUNT I
## INFRINGEMENT OF THE '763 PATENT

10. Carrier repeats and realleges the allegations contained in paragraphs 1 through 9 of the Counterclaim, and further states:

11. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Kinematics, through its agent or agents, without permission or license from Carrier, has unlawfully and wrongfully made, sold or offered for sale, and unlawfully imported, and is now making, selling or offering for sale, and unlawfully importing, in direct competition with Carrier within the United States, certain conveyors or conveying equipment products, namely the VARIO-DRIVE machine (the "Accused Product"). The Accused Product contains, embodies and employs the invention(s) described and claimed in the '763 Patent, in violation of Carrier' exclusive rights thereunder, and to the great loss and injury to Carrier.

12. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Kinematics has sold or offered to sell, and continues to sell or offer to sell, and has unlawfully imported into the United States, the Accused Products for Kinematics' own benefit, including offering to sell or selling the Accused Product within this judicial district, in direct violation of Carrier' exclusive rights under the '763 Patent.

13. Kinematics' unlawful making, selling or offering for sale, and unlawful importation; or contributing to the making, using, selling or offering to sell, and unlawful importation; or unlawfully inducing others to make, use, sell or offer to sell, or import the

10

Accused Products within the United States including regular sales of same within this judicial district constitutes infringement of at least one claim of the '763 Patent.

14.     Upon information and belief, Kinematics has derived, received, and will derive and receive from the aforesaid infringement of the '763 Patent, substantial gains, profits, and advantages, including gains profits and advantages from regular sales of infringing devices within this judicial district, in amounts to be proven at trial. As a direct and proximate result of the aforesaid infringement, Carrier has been, and will be, greatly damaged and has been, and will be, deprived and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Carrier is lawfully entitled and which it would have derived and received, but for the aforesaid infringement by Kinematics.

## COUNT II
## WILLFUL INFRINGEMENT

15.     Carrier repeats and realleges the allegations contained in paragraphs 1 through 14 of the Counterclaim, and further states:

16.     After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Kinematics had notice and knowledge of the '763 Patent, but despite such notice and knowledge has deliberately made, sold, offered to sell and/or unlawfully imported the Accused Product, and thereby has infringed and continues to infringe, has induced others to infringe and continues to induce others to infringe, and/or has contributed to the infringement and continues to contribute to infringement of the '763 Patent.

17.     After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that because Kinematics has infringed or induced others to infringe or contributed to the infringement of the '763 Patent despite notice and knowledge thereof, Kinematics' infringement, inducement of infringement and/or contributing to the

infringement of the '763 Patent has been, and continues to be, willful, deliberate, and in conscious disregard for the rights of Carrier under the '763 Patent.

## COUNT III
### INJUNCTIVE RELIEF

18. Carrier repeats and realleges the allegations contained in paragraphs 1 through 17 of the Counterclaim, and further states:

19. Upon a finding that the Accused Product infringes the '763 Patent, Carrier is entitled to an order under 35 U.S.C. § 283 enjoining, preliminarily and permanently, Kinematics from making, selling or offering for sale, and unlawfully importing such infringing Accused Product into the United States; or from inducing others to make, use, sell, offer to sell or import into the United States such infringing products; and from contributing to others' infringement of the '763 Patent.

## COUNT IV
### ACCOUNTING

20. Carrier repeats and realleges the allegations contained in paragraphs 1 through 19 of the Counterclaim, and further states:

21. Carrier is in need of an accounting of all earnings achieved by Kinematics as a consequence of Kinematics' making, selling or offering to sell, and unlawful importation of the Accused Products which result in infringement of the '763 Patent, and any other products which result in infringement of said patents.

WHEREFORE, Carrier respectfully demands:

A. That Kinematics' Complaint be dismissed, with prejudice, and Kinematics take nothing thereby;

B. That Kinematics be adjudicated an infringer of the '763 Patent;

  C. That by reason of said infringement and pursuant to 35 U.S.C. § 283, preliminary and/or permanent injunctions be issued restraining and enjoining Kinematics and its officers, agents, servants and employees from directly or indirectly making or causing to be made, offering for sale, selling or causing to be sold, using or causing to be used or imported or causing to be imported, any product in accordance with or embodying any invention(s) set forth and claimed in the '763 Patent, including but not limited to the Accused Product.

  D. That Kinematics be directed to account to Carrier for all gains, profits and advantages realized by Kinematics from its manufacturing and marketing of the Accused Products resulting in infringement of the '763 Patent and Kinematics' unlawful use and practice of the invention(s) patented in and by the '763 Patent, from the beginning of marketing the Accused Products, and other products or necessary accessories sold in connection therewith, and other products which infringe the '763 Patent and accessories sold therewith, up to and including the time of trial;

  E. That, in addition, Kinematics be ordered to pay to Carrier such damages as have been sustained by Carrier as a result of said infringement(s) by Kinematics up to the time of trial;

  F. That all damages awarded to Carrier be trebled by the Court pursuant to 35 U.S.C. § 284;

  G. That Carrier recovers prejudgment interest from Kinematics pursuant to 35 U.S.C. § 284 on damages awarded to Carrier;

  H. That Kinematics be ordered to pay to Carrier its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

  I. That Carrier recover all its other costs and disbursements that may be incurred by Carrier in this action; and

K.     That the Court grant to Carrier such other and further relief as it may deem just, proper and equitable.

## JURY DEMAND

Carrier demands trial by jury on all issues in this case so triable.

Dated:  May 2, 2008                    Respectfully submitted,

/s J. Aron Carnahan
Hartwell P. Morris, III (Ill. 6199527)
J. Aron Carnahan (6242642)
WELSH & KATZ, LTD.
120 South Riverside – 22nd Floor
Chicago, Illinois 60606
Phone:  (312) 655-1500
Facsimile: (312) 655-1501
E-mail: hpmorse@welshkatz.com
         jacarnahan@welshkatz.com

-and-

James E. Milliman
James R. Higgins, Jr.
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
401 South Fourth Street
Louisville KY  40202
Phone:  (502) 584-1135
Facsimile:  (502) 561-0442
E-mail:  jmilliman@middreut.com
E-mail:  jhiggins@middreut.com

COUNSEL FOR DEFENDANT, CARRIER VIBRATING EQUIPMENT, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 2, 2008, I filed the foregoing DEFENDANT CARRIER VIBRATING EQUIPMENT, INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Filing Users, including the following:

Thomas I. Ross  
Margaret Lynn Begalle  
Paul Bryan Stephens  
Vishal Raj Sahni  
Marshall, Gerstein & Borun  
233 South Wacker Drive  
6300 Sears Tower  
Chicago, IL 60606-6357  
(312) 474-6300  
Fax: (312)474-0448  

                                            s/ J. Aron Carnahan  
                                            Counsel for Defendant/Counter-Plaintiff