UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL KINEMATICS CORPORATION, an Illinois corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CARRIER VIBRATING EQUIPMENT, INC., a Kentucky corporation,<br><br>    Defendant. | Case No. 08-CV-1264<br><br>Judge David H. Coar<br><br>Magistrate Judge Schenkier |

**PLAINTIFF GENERAL KINEMATICS CORPORATION'S ANSWER TO DEFENDANT CARRIER VIBRATING EQUIPMENT, INC'S COUNTERCLAIM**

Plaintiff General Kinematics Corporation ("Kinematics"), for its answer to the counterclaim filed by Defendant Carrier Vibrating Equipment, Inc. ("Carrier"), states as follows.

**COUNTERCLAIM**

1. Carrier is a corporation organized and existing under the laws of the Commonwealth of Kentucky.

   **RESPONSE:**

   Kinematics admits this allegation.

2. Carrier is the owner of U.S. Patent No. 5,038,763 ("the '763 Patent").

   **RESPONSE:**

   Assuming Carrier intended to identify the patent-in-suit, U.S. Patent No. 5,615,763 ("the '763 Patent"), Kinematics admits this allegation based upon information and belief.

3. Kinematics is a corporation organized and existing under the laws of the State of Illinois with its principal offices located at 5050 Ricker Road, Crystal Lake, Illinois, which is located within Northern District of Illinois.

**RESPONSE:**

Assuming Carrier intended 5050 Rickert Road as Kinematics' address, Kinematics admits this allegation.

4. The claims of this Counterclaim arise under the patent laws of the United States, 35 U.S.C. §§1 *et seq.* Further, jurisdiction of this court is premised upon 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:**

Kinematics admits that the claims of the Counterclaim purport to arise under the patent laws of the United States and that jurisdiction is premised upon 28 U.S.C. §§ 1331 and 1338(a); but otherwise denies that it has violated the patent laws.

5. Venue properly resides in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b).

**RESPONSE:**

Kinematics admits that venue is proper in this Court; but otherwise denies that it has engaged in any infringing activity in this district.

### **THE '763 PATENT**

6. Carrier is the owner of, and claims rights under, the '763 Patent, which was issued by the United States Patent and Trademark Office ("PTO") on April 1, 1997 in the name of inventor Douglas A. Scheiber. A copy of the '763 Patent is attached to Kinematics' Complaint and incorporated by reference herein.

**RESPONSE:**

Kinematics admits that the '763 patent was issued on April 1, 1997 in the name of Douglas A. Schieber and that a correct copy of the '763 Patent was attached to Kinematics' Complaint; and otherwise admits that Carrier is the owner of and claims rights under the '763 Patent only upon information and belief.

2

7. By assignment thereafter, Carrier became and now is the record owner of the '763 Patent.

**RESPONSE:**

Kinematics admits that Carrier is the owner of the '763 Patent only upon information and belief.

8. By virtue of its ownership of the '763 Patent, Carrier has the exclusive right to, and to authorize others to, make, use, sell or offer to sell, and import into the United States embodiments of the inventions claimed in the '763 Patent. Carrier has not authorized Kinematics to make, use, sell or offer to sell, or import any device into the United States under the '763 Patent.

**RESPONSE:**

Kinematics admits that Carrier is the owner of the '763 Patent only upon information and belief, and on that basis admits this allegation.

9. At all times, Carrier has complied with the requirements of 35 U.S.C. § 287.

**RESPONSE:**

Kinematics lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and therefore denies same.

## COUNT I
## INFRINGEMENT OF THE '763 PATENT

10. Carrier repeats and realleges the allegations contained in paragraphs 1 through 9 of the Counterclaim, and further states:

**RESPONSE:**

Kinematics repeats and incorporates its responses to Paragraphs 1 through 9 herein.

11. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Kinematics, through its agent or agents, without permission or license from Carrier, has unlawfully and wrongfully made, sold or offered for sale, and unlawfully imported, and is now making, selling or offering for sale, and unlawfully importing, in direct competition with Carrier within the United States, certain

3

conveyors or conveying equipment products, namely the VARIO-DRIVE™ machine ("the Accused Product"). The Accused Product contains, embodies and employs the invention(s) described and claimed in the '763 Patent, in violation of Carrier's exclusive rights thereunder, and to the great loss and injury to Carrier.

**RESPONSE:**

Denied.

12. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Kinematics has sold or offered to sell, and continues to sell or offer to sell, and has unlawfully imported into the United States, the Accused Products for Kinematics' own benefit, including offering to sell or selling the Accused Product within this judicial district, in direct violation of Carrier's exclusive rights under the '763 Patent.

**RESPONSE:**

Denied.

13. Kinematics' unlawful making, selling or offering for sale, and unlawful importation; or contributing to the making, using, selling or offering to sell, and unlawful importation; or unlawfully inducing others to make, use, sell or offer to sell, or import the Accused Products within the United States including regular sales of same within this judicial district constitutes infringement of at least one claim of the '763 Patent.

**RESPONSE:**

Denied.

14. Upon information and belief, Kinematics has derived, received, and will derive and receive from the aforesaid infringement of the '763 Patent, substantial gains, profits, and advantages, including gains profits and advantages from regular sales of infringing devices within this judicial district, in amounts to be proven at trial. As a direct and proximate result of the aforesaid infringement, Carrier has been, and will be, greatly damaged and has been, and will be, deprived and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Carrier is lawfully entitled and which it would have derived and received, but for the aforesaid infringement by Kinematics.

**RESPONSE:**

Denied.

## COUNT II
## WILLFUL INFRINGEMENT

15.     Carrier repeats and realleges the allegations contained in paragraphs 1 through 14 of the Counterclaim, and further states:

**RESPONSE:**

Kinematics repeats and incorporates its responses to Paragraphs 1 through 14 herein.

16.     After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that Kinematics had notice and knowledge of the '763 Patent, but despite such notice and knowledge has deliberately made, sold, offered to sell and/or unlawfully imported the Accused Product, and thereby has infringed and continues to infringe, has induced others to infringe and continues to induce others to infringe, and/or has contributed to the infringement and continues to contribute to infringement of the '763 Patent.

**RESPONSE:**

Denied.

17.     After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that because Kinematics has infringed or induced others to infringe or contributed to the infringement of the '763 Patent despite notice and knowledge thereof, Kinematics' infringement, inducement of infringement and/or contributing to the infringement of the '763 Patent has been, and continues to be, willful, deliberate, and in conscious disregard for the rights of Carrier under the '763 Patent.

**RESPONSE:**

Denied.

## COUNT III
## INJUNCTIVE RELIEF

18.     Carrier repeats and realleges the allegations contained in paragraphs 1 through 17 of the Counterclaim, and further states:

**RESPONSE:**

Kinematics repeats and incorporates its responses to Paragraphs 1 through 17 herein.

19. Upon a finding that the Accused Product infringes the '763 Patent, Carrier is entitled to an order under 35 U.S.C. § 283 enjoining, preliminarily and permanently, Kinematics from making, selling or offering for sale, and unlawfully importing such infringing Accused Product into the United States; or from inducing others to make, use, sell, offer to sell or import into the United States such infringing products; and from contributing to others' infringement of the '763 Patent.

**RESPONSE:**

Denied.

## COUNT IV
## ACCOUNTING

20. Carrier repeats and realleges the allegations contained in paragraphs 1 through 19 of the Counterclaim, and further states:

**RESPONSE:**

Kinematics repeats and incorporates its responses to Paragraphs 1 through 19 herein.

21. Carrier is in need of an accounting of all earnings achieved by Kinematics as a consequence of Kinematics' making, selling or offering to sell, and unlawful importation of the Accused Products which result in infringement of the '763 Patent, and any other products which result in infringement of said patents.

**RESPONSE:**

Denied.

### KINEMATIC'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Kinematics has not engaged in any activities pertaining to its VARIO-DRIVE™ machine that constitute direct infringement, inducement of infringement or contributory infringement of any claim of the '763 patent.

**SECOND AFFIRMATIVE DEFENSE**

Carrier is estopped from asserting a claim scope that would cover Kinematics' VARIO-DRIVE™ machine because the patentee, in order to induce the Commissioner of Patents to grant said patent, restricted the scope of the claims thereof, by amendment or otherwise, in such a manner and to such an extent as to exclude from the purported infringement the activities of Kinematics which are alleged to infringe.

**THIRD AFFIRMATIVE DEFENSE**

The claims of the '763 Patent are invalid under 35 U.S.C. §§102, 103, and/or 112 and unenforceable for failure to satisfy the conditions for patentability of novelty, non-obviousness, adequacy of the specification disclosure, and/or distinct claiming.

**FOURTH AFFIRMATIVE DEFENSE**

One or more of the Carrier's alleged Counts failed to state a claim upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**

Kinematics reserves the right to assert additional affirmative defenses if it is determined that Carrier is not the owner of the '763 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Kinematics respectfully requests that this Court enter judgment in Kinematics' favor and against Carrier, and that Kinematics' be awarded the relief requested in its Complaint and such further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P 38(b), Kinematics demands a trial by jury on Carrier's Counterclaim as to all issues so triable.

                                        GENERAL KINEMATICS CORPORATION

Dated: May 9, 2008                            s/ Thomas I. Ross
                                                      Thomas I. Ross
                                                      Paul B. Stephens
                                                      Margaret Begalle
                                                      Vishal A. Sahni
                                                      MARSHALL, GERSTEIN & BORUN LLP
                                                      6300 Sears Tower
                                                      233 South Wacker Drive
                                                      Chicago, IL 60606-6357
                                                      (312) 474-6300

                                                      *Attorneys for Plaintiff General Kinematics Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2008, I caused a true and correct copy of the foregoing PLAINTIFF GENERAL KINEMATICS CORPORATION'S ANSWER TO DEFENDANT CARRIER VIBRATING EQUIPMENT, INC'S COUNTERCLAIM to be filed and served upon all counsel of record using the Court's CM/ECF system.

                                             s/Thomas I. Ross
                                             Thomas I. Ross